**Li Qing ZHENG, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 05–5919–AG.

United States Court of Appeals, Second Circuit.

Sept. 25, 2006.

Gang Zhou, New York, N.Y., for Petitioner.

For Respondent: Because the Court did not receive a brief from the respondent within fifteen days of the May 12, 2006 due date specified in the scheduling order issued March 26, 2006, this case has been reviewed and decided without the benefit of a respondent's brief. See Local Rule § 0.29(d).

Present GUIDO CALABRESI, SONIA SOTOMAYOR, BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

Li Qing Zheng, through counsel, petitions for review the BIA's October 2005 decision affirming Immigration Judge ("IJ") Noel A Ferris' denial of his application for asylum and withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms the IJ's decision but rejects part of the IJ's reasoning, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the [arguments] for denying relief that [were] rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We assume Zheng's credibility because the BIA explicitly declined to uphold the IJ's adverse credibility determination. We note the BIA may have erred in finding that Zheng failed to prove that he "knows anything" about Falun Gong. Regardless of whether the conclusion was based on substantial evidence, the BIA may not be allowed to make factual findings in the first instance under 8 C.F.R. § 1003. 1(d)(3)(iv).

In any event, substantial evidence does not support one BIA's conclusion that Zheng failed to establish eligibility for relief because he could not articulate a detailed understanding of the tenets of Falun Gong. We review the agency's factual findings, including an insufficiency of the evidence determination, under the substantial evidence standard. A determination "based on flawed reasoning ... will not satisfy the substantial evidence standard," and the agency's use of "an inappropriately stringent standard when evaluating an applicant's testimony constitutes *legal*, not factual error." *Id.; Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 400 (2d Cir.2005) (internal quotation marks omitted).

An applicant of asylum need not be an expert in Falun Gong in order to prove that he or she is a practitioner of the technique. *Rizal v. Gonzales*, 442 F.3d 84, 89–90 (2d Cir.2006). Although Zheng did not articulate detailed answers about it, he nevertheless testified that he was a practitioner of Falun Gong, and adhered to its primary tenets. He also stated that he learned the five exercises associated with Falun Gong and that he practiced the exercises everyday. Most importantly, Zheng testified that the police came to his home twice with warrants in an attempt to arrest him because of his participation in Falun Gong. These statements, if true, are sufficient proof to establish Zheng's actual or imputed inclusion in the Falun Gong movement.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, the case is REMANDED for further consideration in light of our decision in *Rizal v. Gonzales*, 442 F.3d 84, 89–90 (2d Cir.2006), and the government's motion to remand is DENIED as moot. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).